UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carolyn Cole, | ) | C/A No. 14-cv-04462-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Gerald V. Montgomery; Carolina Health | ) | |
| Care Services; East Coast Protective | ) | |
| Services; Southeast Protection Services; | ) | |
| Southeast Airport Services; Thomas | ) | |
| Behan; The Montgomery-Davis Group; | ) | |
| The Montgomery-Davis Group Properties; | ) | |
| Rhonda Montgomery Davis; Stanley | ) | |
| Montgomery; Oasis Mortgage; James | ) | |
| Penniegraft; JoAnn Penniegraft Cheek; | ) | |
| Mark Randolph, Esq.; Jennifer Dalton | ) | |
| Watson; Option One Mortgage; | ) | |
| Southeastern Title Agency, LLC; Stewart | ) | |
| Title Guaranty Company; RBC Centura | ) | |
| Bank; Investors Title Insurance Company; | ) | |
| Duane Bryant, Esq.; J. Rufus Farrior, Esq.; | ) | |
| Litton Loan Servicing; Washington Mutual | ) | |
| Bank; Chase Bank; Armina Swittenberg, | ) | |
| a/k/a Swittenberg and Associates; Argent | ) | |
| Mortgage; Commonwealth Land Title | ) | |
| Insurance Company; Attorney's Title | ) | |
| Company, Div. of United General Tire; | ) | |
| East Coast Hospitality Staffing; Vernessa | ) | |
| Pertell; Town of Atlantic Beach; Jake | ) | |
| Evans; Jospehine Isom; Charlene Taylor; | ) | |
| Joe Montgomery; William Booker; | ) | |
| Christopher Clagg; Charles Williams; | ) | |
| Tracy Edge; Municipal Association of | ) | |
| South Carolina; State Ethics Commission | ) | |
| of South Carolina; Herbert Hayden; Jim | ) | |
| Bagnall, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e)(D.S.C.), this magistrate

judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

## I.      Factual and Procedural Background

In a 107-page Complaint with 20 separate counts including several captioned as alleged civil claims under federal statutes addressing identity-theft issues, 18 U.S.C. §§ 1028, 1738; fair-trade issues involving banks and lenders, 15 U.S.C. § 45; unfair debt collection activities, "15 U.S.C. § 45";[1] and civil-rights issues, 42 U.S.C. §§ 1983, 1985, 1986; as well as various claims that arguably are state-law-based causes of action for fraud, breach of contract, defamation of credit, slander of title, trespass to try title, South Carolina unfair trade practices, and conspiracy. ECF No. 1-1. Plaintiff names 44 Defendants. Some Defendants are non-South Carolina residents who allegedly engaged in fraudulent dealings with Plaintiff's former spouse, Defendant Gerald Montgomery, that involve allegedly jointly owned marital property. Other Defendants include South Carolina residents who were public officials allegedly involved in collusion and conspiracy to violate Plaintiff's federal constitutional rights in connection with Plaintiff's political activities in the Town of Atlantic Beach, South Carolina. Plaintiff and Defendant Montgomery's jointly held property and related financial issues are currently the subject matter of a long-pending divorce action in Orange County, Florida (Circuit Court Case No. 2006-DR-009815-O). ECF No. 1-5. According to Plaintiff's responses to certain questions on the official form she completed to request *in forma pauperis* status in this case, the parties were granted a divorce on April 23, 2009; however, through a bifurcated process, the parties' marital-related

---

[1] Plaintiff captions her Ninth Count "(Unfair Debt Collection Practices) 15 USC § 45," ECF No. 1-1 at 95; however, the proper United States Code sections for the "Fair Debt Collection Practices Act" are 15 U.S.C. §§ 1692 through 1692p. Under the liberal construction rule applicable to pro se pleadings, the court should disregard the incorrect statutory citation and construe Count Nine as based on the federal Fair Debt Practices Act found in the United States Code beginning at 15 U.S.C. § 1692.

financial issues are still pending before that Florida court. *See* ECF Nos. 1-1 at 20; 21-1, 21-2. According to the Florida court's on-line docket, the most recent activity in the Florida divorce action was a May 20, 2014 order granting Plaintiff's then-attorney's motion to withdraw from representation and a January 9, 2015 Order of Reassignment/Recusal that apparently resulted in a new judge assignment in the case. *See* http://myclerk.myorangeclerk.com/CaseDetail.aspx?CaseID=1125632 (last consulted April 8, 2015). Many of Plaintiff's factual allegations, particularly insofar as Defendant Montgomery and his business associates in North Carolina and Georgia are concerned, involve procedural issues such as problematic discovery matters and involvement in questionable transactions involving property currently being considered in the Florida divorce action. *E.g.*, ECF No. 1-1 at 24-27. Plaintiff labels her former husband's and his associates' activities connected to the divorce action as a "harassment campaign," *id.* at 27, and states that "the only justice the [divorce] Court offers is equitable distribution." *Id.* at 30.

Plaintiff also alleges a complex scheme by Defendant Montgomery and numerous state actors connected to Atlantic Beach (Defendants Vernessa Pertell, Town of Atlantic Beach, Jake Evans, Jospehine Isom, Charlene Taylor, Joe Montgomery, William Booker, Charles Williams, Municipal Association of South Carolina, State Ethics Commission of South Carolina, Herbert Hayden, Jim Bagnall, and Christopher Clagg) to discredit and bankrupt Plaintiff so that she would be unable to exercise her constitutional rights to participate in Atlantic Beach politics or speak out against problems she allegedly experienced in Horry County, South Carolina beginning in 2009.[2] According to Plaintiff, there is also a pending civil action in state court in

---

[2] Plaintiff alleges that she was "hired as town manager of Atlantic Beach" in March 2002. ECF No. 1-1 at 9. It appears from other allegations that her employment tenure in Atlantic Beach ended on March 18, 2005, which was several months after she and Defendant Montgomery

Horry County that involves certain claims arising from the Town of Atlantic Beach's alleged "failure to comply with [a] court-ordered settlement . . ." of a matter involving "a loan that was made to the Town [of Atlantic Beach]." *Cole v. Town of Atl. Beach*, Case No. 2014CP2601654. Publicly available on-line records show that Defendants Booker, Evans, Isom, Montgomery, and Taylor are all listed as defendants in that case. Although the available on-line records of that case disclose numerous filings by the parties and court orders, http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?County=26&CourtAgency= 26003&Casenum=2014CP2601654&CaseType=V (last consulted April 8, 2015), the contents of such filings are not available for viewing.[3]

Plaintiff asks this court to award her damages and declaratory relief against the various Defendants. ECF No. 1-1 at 106-07.

## II.         Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

---

moved to Florida as a married couple in August 2004. *Id*. at 11. Their divorce action was filed on June 23, 2006. http://myclerk.myorangeclerk.com/CaseDetail.aspx?CaseID=1125632 (last consulted April 8, 2015).

[3] As a result, at this stage of the litigation, this court is unable to discern the exact subject matter of the pending Horry County action, *i.e.*, whether it involves issues of important state interest or whether it involves a "garden variety" private dispute among the parties. The distinction is an important one as far as any potential future application of an abstention doctrine in favor of the Horry County litigation is concerned. *See William Penn Apts. v. D.C. Ct. App.*, 39 F. Supp. 3d 11, 19 (D.D.C. 2014); *Lawrence v. Schwiep*, No. 4:05 CV 14-RH/WCS, 2005 WL 2491564, at *4 (N.D. Fla. Oct. 7, 2005); *see also infra* Section III B (applying *Younger* abstention in favor of state divorce action involving important state interests).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to partial summary dismissal.

### III.     Discussion

#### A.     Immune and Frivolously Named Parties (Defendants State Ethics Commission and Tracy Edge)

Initially, the Complaint should be partially summarily dismissed insofar as it seeks to recover relief from this federal court under any count from Defendant State Ethics Commission because any such claims are barred by the Eleventh Amendment to the United States Constitution. Defendant State Ethics Commission is an agency of the State of South Carolina, and, as such, it is not necessary for this Defendant to file an answer to Plaintiff's Complaint. *See* http://ethics.sc.gov/Pages/default.aspx (last consulted April 8, 2015). The State Ethics Commission is immune from suit under 42 U.S.C. § 1983 or any other federal claim made by Plaintiff because the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *See Alden v. Maine*, 527 U.S. 706 (1999); *Coll. Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Coll. Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 627 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *see Bellamy v. Borders*, 727 F. Supp. 247, 248-50 & nn.2-3 (D.S.C. 1989); *Coffin v. S.C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983). Accordingly, Plaintiff's Complaint should be partially summarily dismissed to the extent that it seeks to hold Defendant State Ethics Commission liable for any relief in this court.

Additionally, the Complaint should be partially summarily dismissed insofar as Tracy Edge is named as a Defendant because Plaintiff does not allege any wrongdoing on his part.

Close review of the entire Complaint discloses that Defendant Edge's name is not mentioned in the substantive factual allegations contained in the body of the Complaint and, as a result, there are no allegations from which any inference may be raised that he is liable for anything that Plaintiff asserts against other Defendants. As a result, the Complaint is frivolous and fails to state any plausible claims whatsoever against Defendant Edge. *See Newkirk v. Cir. Ct. of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal when no factual allegations against named defendants within the body of the pleading) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

**B.      Claims Relating to Plaintiff's Marital Property (Counts One through Seven as to Defendant Gerald Montgomery)**

Plaintiff's Complaint should also be partially summarily dismissed to the extent that Plaintiff seeks to hold Defendant Gerald Montgomery, Plaintiff's former spouse, liable for damages or other relief based on business transactions between him and any other Defendant that affected or may affect Plaintiff's interests in real estate, corporate enterprises, or any other property that was jointly owned during the marriage. In deference to the Florida state court that is currently considering all property issues between the former couple in their divorce action, this court should decline to consider and should summarily dismiss all claims against Defendant Montgomery relating to the validity or invalidity of any transaction involving Plaintiff's and her former husband's jointly held real estate under the doctrine established under *Younger v. Harris,*

401 U.S. 37 (1971), and its progeny.[4] In *Younger*, the United States Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). *Younger* abstention applies "as well 'to noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 351 (4th Cir. 2005). The Fourth Circuit Court of Appeals has derived the following test to determine when *Younger* abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden St. Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see Broadnax v. Cannon*, No. 3:07-3092-MJP, 2008 WL 1805645, *1+ (D.S.C. Apr 17, 2008) (applying *Younger* in a civil matter and discussing the requirements for abstention). It has often been held that "where constitutional issues arise [in state court litigation], state court judges are fully competent to handle them subject to Supreme Court review." *Bonner v. Cir. Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975); *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-16 (1987); *Cellermaster Wines, Inc. v. Chastain*, 530 F. Supp. 714, 717 (S.D. Fla. 1982). Also, state courts have concurrent jurisdiction with federal court over civil rights claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and claims under the Fair Debt Collection Act, 15 U.S.C. § 1692k(d). *See Felder v. Casey*, 487 U.S. 131, 139 (1988) (state courts possess concurrent jurisdiction over § 1983 litigation); *Virgil v. Reoganized M.W. Co.*,

---

[4] Although the parties have not addressed abstention, because the pro se Complaint is still under initial review, the court may raise the issue sua sponte. *See, e.g., Briggman v. Va. Dep't Soc. Servs.,* 526 F. Supp. 2d 590, 604 n.4 (W.D. Va. 2007) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976)).

*Inc.*, 156 F. Supp.2d 624, 631 (S.D. Miss. 2001) (Fair Debt Collection Act grants concurrent jurisdiction to state and federal courts).[5]

Publicly available records show that there are ongoing state judicial proceedings between Plaintiff and her now-former spouse, Defendant Gerald Montgomery, in the Circuit Court of Orange County, Florida. *See In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). Those proceedings involve questions concerning the proper equitable division of the parties' jointly held property, and those types of domestic-relations-related questions have been found to involve "important state interests." *See Harper v. Pub. Serv. Comm'n of West Va.*, 396 F.3d at 351 (*Younger* applies in certain "important state interest" areas of civil law including, inter alia, "family law"); *Kelm v. Hyatt*, 44 F.3d 415, 419-420 (6th Cir. 1995) (marital property and domestic violence issues are "important state interests"); *Parent v. New York*, 485 F. App'x 500, at *2 (2d Cir. 2012) (same); *Al-Mansour v. Shraim*, No. CCB-11-2939, 2012 WL 983785 (D. Md. Mar. 21, 2012) ("Divorce and child support proceedings 'implicate important state interests' for purposes of considering *Younger* abstention."). Because divorces involve "important state interests" that should be determined in pending state court proceedings, federal courts should defer to state courts in matters obviously intertwined with property issues involved in pending divorce actions.

---

[5] The only Fair Debt Collection claim asserted in the Complaint under review is Count Nine, and it is stated against Defendants Option One Mortgage and Argent Mortgage only. ECF No. 1-1 at 95-96.

In this case, it is known from publicly available court information that Plaintiff's Florida divorce case has not yet proceeded to final judgment, and there is nothing in the Complaint indicating that Plaintiff is unable to pursue her claims based on her former spouse's alleged fraudulent actions involving martial property before the divorce court.[6] Review of the available on-line records from Plaintiff's divorce case discloses numerous motions by the parties and orders from the court relating to issues involving the parties' real estate holdings. That court is the court that has been dealing with the financial aspects of Plaintiff's and Defendant Montgomery's marriage since at least April 2009, when it granted the divorce but reserved the issue of equitable distribution of assets for subsequent consideration, ECF No. 21-1, and that is where Plaintiff should present her property-related claims against Defendant Gerald Montgomery. Accordingly, this court should summarily dismiss Counts One through Eight of the Complaint against Defendant Gerald Montgomery in deference to the Florida divorce court proceedings and for failure to state plausible federal claims.

C.    **Property-Related Federal and State-Law-Based Claims (Counts One through Eight and Twenty)**

Counts One through Eight should also be dismissed as to all Defendants. The Complaint fails to state plausible claims against any Defendant for "identity theft" under Count One for any related state-law-based claim under Counts Two through Seven, for violation of the Federal Trade Commission Act under Count Eight, or for Equitable Relief under Count Twenty. In connection with these counts, Plaintiff broadly alleges the following of Defendant Gerald Montgomery's business associates and related corporate enterprises: Defendants Stanley

---

[6] Plaintiff's assertions that the Florida divorce court cannot provide her with complete "justice" but only with "equitable distribution," ECF No. 1-1 at 30, are unsupported legal conclusions, which this court is not required to accept as true when conducting an initial review of a pro se pleading. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Cook v. Howard*, 484 F. App'x 805, 810 (4th Cir. 2012) (*Iqbal* applies to pro se complaints).

Montgomery; JoAnn Cheek; James Penniegraft; Oasis Mortgage; Mark Randolph; Armina Swittenberg; Jennifer Dalton Watson; Carolina Health Care Services; East Coast Protective Services; Southeast Protection Services; Southeast Airport Services; Thomas Behan; the Montgomery-Davis Group; the Montgomery Davis Group Properties; Rhonda Montgomery Davis; Oasis Mortgage; Southeastern Title Agency, LLC; Stewart Title Guaranty Company; RBC Centura Bank; Investors Title Insurance Company; Duane Bryant, Esq.; J. Rufus Farrior, Esq.; Litton Loan Servicing; Washington Mutual Bank; Chase Bank; Commonwealth Land Title Insurance Company; Attorney's Title Company; and/or East Coast Hospitality (hereinafter collectively referred to as "the Business Associate Defendants") and Option One Mortgage and Argent Mortgage "conspired" with her former spouse to forge her signature on certain documents affecting property that was jointly held between Plaintiff and Gerald Montgomery during their marriage. Plaintiff also alleges that these Business Associate Defendants and Option One Mortgage and Argent Mortgage conspired with her former spouse to use without her consent other documents that identified Plaintiff such as a drivers' license, joint tax returns, and joint bank account information to issue, act on, and obtain undue benefit from the use of the improperly drafted and obtained real-estate-related documents. ECF No. 1 at 90. The first ten counts of the Complaint are primarily based on these factual allegations, but Plaintiff does not refer to any other Defendants except Gerald Montgomery, the Business Associate Defendants, Option One Mortgage, and Argent Mortgage in her allegations relative to those Counts. *Id*. at 90-98.

### 1. Identity Theft and Related State-Law-Based Claims (Counts One through Seven)

As the statutory basis for Count One, Plaintiff cites to 18 U.S.C. §§ 1028 and 1738. ECF No. 1 at 90. She discusses "restitution orders for identity theft cases . . . ," *id*. at 91, but she does not allege and cannot show that either of these federal criminal statutes provides a private right to a civil action in this court. First, 18 U.S.C. § 1738 does not provide Plaintiff with a private right of civil action for "identity theft" as it was repealed on December 28, 2000. *See* Internet False Identification Prevention Act of 2000, Pub. L. 106-578, § 4, 114 Stat. 3076 (2000). Second, the applicable federal law makes clear that § 1028 does not provide for a private, civil right of action arising from asserted violations of the statute. *See, e.g.*, *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302-03 (E.D.N.Y. 2004) (§ 1028, no private right of action under federal criminal statutes); *Rahmani v. Resorts Int'l Hotel, Inc.*, 20 F. Supp. 2d 932, 937 (E.D. Va. 1998) (holding 18 U.S.C. § 1028 provides no private cause of action); *Burroughs v. Burroughs*, No. 3:11-2133-JFA-PJG, 2011 WL 5024180, at *2 (Sept. 30, 2011)*, adopted*, 2011 WL 5024169 (D.S.C. Oct. 20, 2011) (same), Therefore, Plaintiff's first count labeled "violation of false identification crime control act of 1982" is not plausible as to any Defendant, including the Business Associate Defendants.

Furthermore, because Plaintiff's "identity theft" allegations do not state a plausible federal claim, there is no basis on which this court can exercise its supplemental jurisdiction to consider the closely related state-law-based claims raised in Counts Two through Seven of fraud, breach of contract, defamation of credit, slander of title, trespass to try title, or unfair trade practices that Plaintiff attempts to assert against the Business Associate Defendants or as to any Defendant based on the same underlying factual allegations. *See* 28 U.S.C. § 1367(c); *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1996) ("federal courts generally have discretion to retain or dismiss state law claims when the federal basis for an action drops away").

Although this court can hear state-law-based claims under its diversity jurisdiction, *see* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn.13-16 (1978), the Complaint under review will not support the exercise of such jurisdiction in this case because Plaintiff, a South Carolina resident, has named several other South Carolina residents as Defendants in this case. The fact that there are South Carolina residents on both sides of this case destroys "complete diversity," which is required before this court may consider state-law-based claims such as those asserted under Counts Two through Seven. *See Newman-Greene, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (complete diversity required); *C.L. Ritter Lumber Co. v. Consol. Coal Co.*, 283 F. 3d 226, 229 (4th Cir. 2002) (same).

### 2. Federal Trade Commission Act Violations Claims (Count Eight)

Additionally, this court should summarily dismiss Count Eight as to all Defendants because Plaintiff fails to state a plausible claim for "violation of Federal Trade Commission Act 15 U.S.C. 45 § 5" because that statute, which governs certain proceedings before the Federal Trade Commission ("FTC"), does not provide a private right of civil action to any individual citizen such as Plaintiff. *Summey v. Ford Motor Credit Co*., 449 F. Supp. 132, 135-36 (D.S.C. 1976); *see, e.g.*, *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988-1002 (D.C. Cir. 1973); *Rahmani v. Resorts Int'l Hotel, Inc.*, 20 F. Supp. 2d 932, 937 (E.D. Va. 1998); *Bracken v. Simmons First Nat'l Bank*, No. 6:13-cv-1377-TMC, 2014 WL 2613175, at *4 (D.S.C. June 9, 2014).

### 3. Equitable Relief Claims (Count Twenty)

Finally, this court should summarily dismiss Count Twenty as to all Defendants because it asks this court to provide "equitable relief" for Plaintiff's claims based on allegedly fraudulent deals among her former spouse and some or all Defendants that adversely affected Plaintiff's

property interests. ECF No. 1 at 104. Although Plaintiff references "the contract, note and mortgage" in this count, *id.*, she does not specify to which of the many contracts, notes, and mortgages discussed in her lengthy pleading she refers. For this reason alone, Count Twenty should be dismissed for non-compliance with Federal Rule of Civil Procedure 8 because Plaintiff does not provide sufficient identifying information about the documents to which she refers. *See Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Tobey v. James*, 706 F.3d 379, 386 (4th Cir. 2013). However, under the liberal-construction-of-pleadings rule, assuming that Plaintiff intended to refer to "the contract, note and mortgage" on some or all property that is or was jointly owned by her and Defendant Gerald Montgomery, dismissal of this count is required under the *Younger* doctrine. As previously stated, the Orange County, Florida Circuit Court that is currently considering Plaintiff's property-related claims against her former spouse is the proper court to award any equitable relief necessary to resolve those claims. *See Younger v. Harris*; *Harper v. Pub. Serv. Comm'n of W. Va.* Accordingly, this court should summarily dismiss Count Twenty of the Complaint as to all Defendants.

### D.    Civil Rights Claims and Related State-Law-Based Claims

#### 1. Implausible 42 U.S.C. § 1983 Claims (Counts Ten, Eleven, Twelve, and Nineteen as to the Business Associate Defendants, Option One Mortgage, Argent Mortgage, or the Municipal Association of South Carolina)

Counts Ten, Eleven, Twelve, and Nineteen should be partially summarily dismissed insofar as they are applicable to the Business Associate Defendants, Option One Mortgage, Argent Mortgage, or the Municipal Association of South Carolina, a non-profit corporation, *see* http://www.guidestar.org/organizations/57-6000743/municipal-association-south-carolina.aspx (last consulted April 8, 2015). Plaintiff fails to state plausible First Amendment, Fourth Amendment, Fifth Amendment, or Fourteenth Amendment claims under 42 U.S.C. § 1983

against any of these private persons or entities. Referencing 42 U.S.C. § 1983 as the basis for her claims, Plaintiff alleges that "Defendants" used confidential information obtained through identity theft or otherwise to spread damaging information about Plaintiff and her associates and thereby "silence" Plaintiff's attempts to participate in political/governmental matters in the Town of Atlantic Beach in Counts Ten through Twelve of the Complaint.[7] ECF No. 1-1 at 96-99. Under Count Nineteen, again specifically referencing § 1983, Plaintiff also alleges that the Business Associate Defendants, Option One Mortgage, and Argent Mortgage, in conspiracy with her former spouse, abused legal processes in foreclosure actions in North Carolina state courts to inflict damage on her. ECF No. 1-1 at 103-04.

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendants deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the

---

[7] Plaintiff uses the collective term "Defendants" to refer to whom she intends to sue in Counts Ten, Eleven, and Twelve. ECF No. 1-1 at 96-99. The required liberal construction of her pro se pleading indicates that Plaintiff intended to include the Business Associate Defendants, Option One Mortgage, and Argent Mortgage in her collective term "Defendants." This is so because she includes factual allegations in these counts similar to those she made in connection with the first eight counts that specifically included those Defendants. For example, Plaintiff includes in Count Ten allegations about the "Defendants'" supposed submission of unauthorized "personal identifying information to banks, lending institutions, the IRS, and others . . . ." *Id*. at 97. Although it is not clear that Municipal Association of South Carolina is also intended to be included under Plaintiff's collective terminology, for purposes of this Report, it is presumed that it is based on her reference in Count Ten to "[t]he public officials in local and state government." *Id*.

State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 457 U.S. 922, 937 (1982); *see United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen  Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir. 1991). Purely private conduct such as that alleged against Plaintiff's former husband's business and banking associates, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983. *See Lugar*, 457 U.S. at 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the United States Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority," *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991), such as by reporting a crime or making statements about suspected criminal activity to police. *See, e.g.*, *Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 68 (3d Cir.  2006) ("However, in the absence of a conspiracy with the police to violate constitutional rights, a business's summons of a police officer to deal with a possible disturbance, does not make it a state actor."); *Palmerini v. Burgos*, No. 10-cv-210 (FLW), 2011 WL 3625104, at *6 (D.N.J. Aug. 15, 2011); *Warner v. Sweeney*, No. 05-cv-2871 (JBS), 2005 WL 2257925, at *3 (D.N.J. Sept. 12, 2005). Also, the fact that private citizens act as opposing

parties and counsel and assert their respective legal positions in litigation in state courts does not make their actions taken in connection with the state litigation "state action." *See Dist. 28, U.M.W.A. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1086-87 (4th Cir. 1979).

Although Plaintiff broadly and conclusively alleges that the Business Associate Defendants, Option One Mortgage, Argent Mortgage, and the Municipal Association of South Carolina conspired with her former spouse, a private person, to steal her identity, falsely accuse her of not paying her debts, and require her to respond to various property-related lawsuits and that unnamed "public officials in local and state government used their official positions to silence" her, ECF No. 1 at 97, she does not allege any facts showing any particular "nexus" or unusually close relationship between any of the Business Associate Defendants, Option One Mortgage, Argent Mortgage, or the Municipal Association of South Carolina and any state actor. There are no facts stated in the Complaint that would support a reasonable inference of "state action" in connection with any of these Defendants' allegedly improper dealing in marital property or with the Town of Atlantic Beach political issues of which Plaintiff complains. While this court must liberally construe a pro se complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim, *see Iqbal*, 556 U.S. at 667-68; *Twombly*, 550 U.S. at 555, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678-79. Thus, as far as Counts Ten, Eleven, Twelve, and Nineteen and the Business Associate Defendants, Defendants Option One Mortgage, Argent Mortgage, and the Municipal Association of South Carolina are concerned, no plausible § 1983 claims are stated because they are private citizens and not state actors and their alleged activities are not such as would make their actions "'fairly

attributable' to the state." *Montano v. Hedgepeth*, 120 F.3d 844, 848-849 (8th Cir. 1997) (quoting *Lugar*, 457 U.S. at 937).

### 2. Implausible State-Law-Based Conspiracy Claims (Count Fourteen as to the Business Associate Defendants, Option One Mortgage, Argent Mortgage, or the Municipal Association of South Carolina)

Count Fourteen should be partially summarily dismissed insofar as it may be liberally construed as attempted state-law-based "conspiracy" claims against any of the Business Associate Defendants, Option One Mortgage, Argent Mortgage, or the Municipal Association of South Carolina. As previously discussed, Plaintiff fails to state any plausible § 1983 claims against any of these private persons and entities that could be considered under this court's federal-question jurisdiction and there is no basis on which this court can exercise its diversity jurisdiction to consider state-law-based claims in this case because of the presence of a South Carolina-resident Plaintiff as well as South Carolina-resident Defendants. *See Newman-Greene, Inc. v. Alfonzo-Larrain*, 490 U.S. at 829 (complete diversity required); *C.L. Ritter Lumber Co. v. Consol. Coal Co.*, 283 F. 3d at 229 (same). In absence of any federal subject-matter jurisdiction to consider a § 1983 claim against the these Defendants, there is also no basis for the court to exercise supplemental jurisdiction to consider any such state-law-based claim arising out of the same facts or transactions. Accordingly, the court should partially dismiss Count Fourteen insofar as the Business Associate Defendants, and Defendants Option One Mortgage, Argent Mortgage, and the Municipal Association of South Carolina are sued thereunder.

### 3. Implausible 42 U.S.C. §§ 1985, 1986 Claims (Counts Fifteen, Sixteen, Seventeen, and Eighteen as to all Defendants)

Finally, the court should summarily dismiss Counts Fifteen, Sixteen, Seventeen, and Eighteen of the Complaint because Plaintiff fails to state plausible claims pursuant to 42 U.S.C. §§ 1985, 1986 against any Defendant. There are no factual allegations that would support a

reasonable inference that any of the actions of which Plaintiff complains were taken as a result of racial animus or to discriminate against Plaintiff because of her membership in a class based on race, color, religion, or national origin. *See Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995); *see also U. S. by Katzenbach v. Gulf-State Theaters, Inc.*, 256 F. Supp. 549, 552 (D. Miss. 1966) ("The Civil Rights Act is not concerned with the subjective racial prejudices of the people affected. Instead it is directed toward discrimination against certain classes of persons when those classes are determined on the basis of race, color, religion, or national origin."). Moreover, despite her broad and conclusory assertions of a "conspiracy" among some or all of the Defendants, Plaintiff's failure to allege racial or other class-based discrimination by any Defendant precludes any plausible claim under § 1985(3). *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (finding that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a cause of action under 42 U.S.C. § 1985). Because § 1986 is considered to be "derivative" of § 1985 and because, as discussed above, no plausible § 1985 claim is stated against any Defendant, no plausible § 1986 claim is stated against any Defendant either. *See Farese v. Scherer*, 342 F.3d 1223, 1232 n.12 (11th Cir. 2003) ("§ 1986 claims are derivative of § 1985 claims"; citing *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997)); *Boyer v. Finley*, No. 2:07-1868 DCN-RSC, 2007 WL 2477310 (D.S.C. Aug. 28, 2007). This court should, therefore, summarily dismiss Counts Fifteen, Sixteen, Seventeen, and Eighteen as to all Defendants.

    **E.**    **Facially Plausible Claims: Unfair Debt Collection (Count Nine), Civil Rights Claims (Counts Ten, Eleven, Twelve, Fourteen), and Related State-Law-Based Conspiracy (Count Nineteen)**

Having thoroughly reviewed Plaintiff's pro se pleading, the undersigned finds that the only facially plausible claims in the Complaint under review are those designated as Count Nine,

alleging Unfair Debt Collection claims against Defendants Option One Mortgage and Argent Mortgage only, and Counts Ten, Eleven, Twelve, Thirteen, Fourteen, and Nineteen, alleging § 1983 civil rights and related state-law-based conspiracy claims against Defendants Gerald Montgomery, Vernessa Pertell, Town of Atlantic Beach, Jake Evans, Josephine Isom, Charlene Taylor, Joe Montgomery, William Booker, Charles Williams, Herbert Hayden, Jim Bagnall, and Christopher Clagg only. As set out below, in the interest of judicial economy, the undersigned recommends service be deferred pending the district court's consideration of this Report and Recommendation and pending Plaintiff's submission of an amended complaint.

## IV.    Recommendation

*Accordingly, it is recommended* that the district court partially summarily dismiss without prejudice the Complaint in its entirety as to Defendants State Ethics Commission, Tracy Edge, the Municipal Association of South Carolina, and the Business Associate Defendants (Stanley Montgomery, JoAnn Cheek, James Penniegraft, Oasis Mortgage, Mark Randolph, Armina Swittenberg, Jennifer Dalton Watson, Carolina Health Care Services, East Coast Protective Services, Southeast Protection Services, Southeast Airport Services, Thomas Behan, The Montgomery-Davis Group, The Montgomery Davis Group Properties, Rhonda Montgomery Davis, Oasis Mortgage, Southeastern Title Agency, LLC, Stewart Title Guaranty Company, RBC Centura Bank, Investors Title Insurance Company, Duane Bryant, Esq., J. Rufus Farrior, Esq., Litton Loan Servicing, Washington Mutual Bank, Chase Bank, Commonwealth Land Title Insurance Company, Attorney's Title Company, and/or East Coast Hospitality Staffing).

Counts One through Eight, Fifteen through Eighteen, and Twenty should be summarily dismissed as to Defendants Gerald Montgomery, Option One Mortgage, Argent Mortgage, Vernessa Pertell, Town of Atlantic Beach, Jake Evans, Josephine Isom, Charlene Taylor, Joe

Montgomery, William Booker, Charles Williams, Herbert Hayden, Jim Bagnall, and Christopher Clagg.

The only counts that should remain pending are Count Nine as to Defendants Option One Mortgage and Argent Mortgage only and Counts Ten, Eleven, Twelve, Fourteen, and Nineteen as to Defendants Gerald Montgomery, Vernessa Pertell, Town of Atlantic Beach, Jake Evans, Josephine Isom, Charlene Taylor, Joe Montgomery, William Booker, Charles Williams, Herbert Hayden, Jim Bagnall, and Christopher Clagg only.

*It is further recommended* that no service of process be authorized against any Defendant in this case at this time,[8] pending completion of the district court's review of this Report. If the district court adopts this Report and Recommendation and summarily dismisses a majority of the named Defendants from the case and fully or partially summarily dismisses the majority of the asserted claims in the Complaint, in the interest of judicial economy and to protect limited judicial resources, Plaintiff should be required to submit an amended complaint including only factual allegations supporting the facially plausible claims against the remaining Defendants.[9]

*It is further recommended* that after Plaintiff submits the amended complaint as recommended above, Defendants Gerald Montgomery, Vernessa Pertell, Town of Atlantic Beach, Jake Evans, Josephine Isom, Charlene Taylor, Joe Montgomery, William Booker, Charles

---

[8] Plaintiff will not be prejudiced by the recommended withholding of service authorization because the 120-day time limit for service of process under Federal Rule of Civil Procedure 4(m) does not begin to run until the such time as the court issues a formal order directing service of an initial pleading following completion of the required initial review process for any pro se-filed pleading. *Robinson v. Clipse*, 602 F.3d 605, 608-09 (4th Cir. 2010) (tolling Rule 4(m) time limitation in pro se cases during initial review).

[9] Because Plaintiff is appearing *in forma pauperis*, she will rely on the United States taxpayers, through the United States Marshal Service and this court, to cover the costs of serving her pleading. *See Danik v. Hous. Auth. of Baltimore City*, 396 F. App'x 15, 16 (4th Cir. 2010). The taxpayers should not be forced to pay additional costs to serve an excessive number of pages of allegations that relate only to dismissed claims and/or parties.

Williams, Herbert Hayden, Jim Bagnall, Christopher Clagg, Option One Mortgage, and Argent

Mortgage be served with the amended complaint.

      IT IS SO RECOMMENDED.


                                                                *Kaymani D. West*

April 16, 2015                                    Kaymani D. West
Florence, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).