IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Carolyn Cole, )<br>)<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>Gerald V. Montgomery; Carolina Health Care )<br>Services; East Coast Protective Services; Southeast )<br>Protection Services; Southeast Airport Services; )<br>Thomas Behan; The Montgomery-Davis Group; )<br>The Montgomery-Davis Group Properties; Rhonda )<br>Montgomery Davis; Stanley Montgomery; Oasis )<br>Mortgage; James Penniegraft; JoAnn Penniegraft )<br>Cheek; Mark Randolph, Esq.; Jennifer Dalton )<br>Watson; Option One Mortgage; Southeastern Title )<br>Agency, LLC; Stewart Title Guaranty Company; )<br>RBC Centura Bank; Investors Title Insurance )<br>Company; Duane Bryant, Esq.; J. Rufus Farrior, )<br>Esq.; Litton Loan Servicing; Washington Mutual )<br>Bank; Chase Bank; Armina Swittenberg, a/k/a )<br>Swittenberg and Associates; Argent Mortgage; )<br>Commonwealth Land Title Insurance Company; )<br>Attorney's Title Company, Div. of United General )<br>Tire; East Coast Hospitality Staffing; Vernessa )<br>Pertell; Town of Atlantic Beach; Jake Evans; )<br>Jospehine Isom; Charlene Taylor; Joe Montgomery; )<br>William Booker; Christopher Clagg; Charles )<br>Williams; Tracy Edge; Municipal Association of )<br>South Carolina; State Ethics Commission of South )<br>Carolina; Herbert Hayden; Jim Bagnall, )<br>)<br>    Defendants. )<br>_____ ) | No: 4:14-cv-4462-RMG<br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge recommending partial summary dismissal of Plaintiff's complaint. (Dkt. No. 25.) For the reasons set forth below, the Court agrees with and ADOPTS the R & R as the order of the Court.

1

## I. BACKGROUND

Plaintiff filed this civil action *pro se*, alleging a number of federal law and state law claims against 44 Defendants in her 107-page Complaint. (Dkt. No. 1.) This case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) (d), D.S.C. Upon initial review, the Magistrate Judge issued a Report and Recommendation recommending partial summary dismissal of this action. (Dkt. No. 25.) Neither party filed timely objections to the R & R.

## II. LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## III. DISCUSSION

After a thorough review of the record and the R & R, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R & R as the order of the Court.

The Court first finds that the Magistrate Judge properly dismissed Defendants State Ethics Commission (Ethics Commission) and Tracy Edge (Edge) from this action. Because the Ethics Commission is a state agency of South Carolina, all claims against it are barred by the

Eleventh Amendment. *Bellamy v. Borders*, 727 F. Supp. 247, 250 (D.S.C. 1989) (noting that the Eleventh Amendment renders state agencies "immune from suit in federal court unless the state has consented to be sued" (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978))).

In addition, given that Edge is not mentioned in the substantive allegations of the Complaint, Plaintiff has failed to state any plausible claims against him. *See Newkirk v. Cir. Ct. of City of Hampton*, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal when no factual allegations against named defendants within the body of the pleading).

The Court next finds that the Magistrate Judge properly dismissed all claims against Plaintiff's ex-husband, Defendant Gerald Montgomery (Montgomery), that are based on business transactions between him and other Defendants affecting the property that was jointly owned during the marriage.[1] Plaintiff and Montgomery have divorced and are currently embroiled in Florida state court litigation regarding the proper equitable division of the parties' jointly held property. (Dkt. Nos. 21-1, 21-2.) Because divorces involve "important state interests," this Court defers to the ongoing state court action, and dismiss those claims alleging matters that are intertwined with the division of the parties' marital-property. *See Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (the United States Supreme Court finds abstention appropriate when "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings" (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982))); *Harper v. Pub. Serv. Comm'n of West Va.*, 396 F.3d 348, 353–54 (4th Cir. 2005) (certain areas of civil law including, inter alia, "family law," constitute

---

[1] These claims are found in Counts One through Seven of the Complaint. These counts allege claims for violation of false identification of crime control act of 1982, fraud, breach of contract, defamation of credit, slander of title, trespass to try title, and unfair trade practices. (Dkt. No. 1 at 90–94.)

3

"important state interests" warranting abstention); *Kelm v. Hyatt*, 44 F.3d 415, 419–420 (6th Cir. 1995) (marital property and domestic violence issues are "important state interests"). The Court can discern no reason why Plaintiff cannot raise in the Florida action those claims relating to Montgomery's allegedly fraudulent actions involving the parties' marital property. Accordingly, the Court dismisses Counts One through Seven of the Complaint against Montgomery.

The Court next finds that the Magistrate Judge properly dismissed Plaintiff's federal claim of identity theft and the related state law claims against all Defendants. Plaintiff labeled her first count "violation of false identification crime control act of 1982" and cited 18 U.S.C. §§ 1028 and 1738 in support. (Dkt. No. 1 at 90.) These statutes, however, do not provide a private right to a civil action in this court. *See* Pub. L. 106-578, § 4, 114 Stat. 3076 (repealed 18 U.S.C. § 1738 on December 28, 2000); *Rahmani v. Resorts Int'l Hotel, Inc.*, 20 F. Supp. 2d 932, 937 (E.D. Va. 1998), *aff'd*, 182 F.3d 909 (4th Cir. 1999) (§ 1028 does not "provide for any private cause of action"). Accordingly, because Plaintiff cannot allege a plausible claim pursuant to these statutes against any Defendant, the Court dismisses Count One of her Complaint. As a result, there is no basis on which the Court can exercise its supplemental jurisdiction to consider Plaintiff's closely related state-law-based claims of fraud, breach of contract, defamation of credit, slander of title, trespass to try title, or unfair trade practices.[2] Counts Two through Seven are therefore dismissed as well.

Similarly, the Court agrees with the Magistrate Judge that no private right of civil action exists under 15 U.S.C. 45 § 5, and therefore Count Eight of the Complaint, alleging "violation of Federal Trade Commission Act" under 45 § 5, should be dismissed. *See Summey v. Ford Motor Credit Co.*, 449 F. Supp. 132, 135 (D.S.C. 1976), *aff'd*, 573 F.2d 1306 (4th Cir. 1978) ("It is

---

[2] Plaintiff, a South Carolina resident, asserts claims against several other South Carolina residents in the Complaint, thereby depriving this Court of diversity jurisdiction. (Dkt. No. 1.)

4

well-settled that there is no private, federal claim for which this court can grant relief for violations of the Federal Trade Commission Act.").

The Court next finds that the Magistrate Judge properly dismissed Plaintiff's claim for "equitable relief" against all Defendants based on allegedly fraudulent deals among Montgomery and the other Defendants that adversely affected Plaintiff's property interests. As an initial matter, Plaintiff's allegations relating to this claim do not satisfy Federal Rule of Civil Procedure 8—she references "the contract, note and mortgage," but her lengthy Complaint discusses many contracts, notes, and mortgages, and the Court cannot discern to which Plaintiff's claim refers. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"); (Dkt. No. 1 at 104). Further, for reasons previously explained, this Court defers to the ongoing Florida state court action on certain subject matters. Therefore, because this claim alleges matters that are intertwined with the division of the parties' marital-property, the Court dismisses Count Twenty.

The Court next finds that the Magistrate Judge properly dismissed Plaintiff's 28 U.S.C. § 1983 claims against certain Defendants under the First Amendment, Fourth Amendment, Fifth Amendment, and Fourteenth Amendment. Defendants Stanley Montgomery; JoAnn Cheek; James Penniegraft; Oasis Mortgage; Mark Randolph; Armina Swittenberg; Jennifer Dalton Watson; Carolina Health Care Services; East Coast Protective Services; Southeast Protection Services; Southeast Airport Services; Thomas Behan; the Montgomery Davis Group; the Montgomery Davis Group Properties; Rhonda Montgomery Davis; Oasis Mortgage; Southeastern Title Agency, LLC; Stewart Title Guaranty Company; RBC Centura Bank; Investors Title Insurance Company; Duane Bryant, Esq.; J. Rufus Farrior, Esq.; Litton Loan

5

Servicing; Washington Mutual Bank; Chase Bank; Commonwealth Land Title Insurance Company; Attorney's Title Company; and/or East Coast Hospitality (hereinafter collectively referred to as "the Business Associate Defendants"); Option One Mortgage; Argent Mortgage; and the Municipal Association of South Carolina, a non-profit corporation, are private citizens, not state actors. Further, Plaintiff's allegations fail to establish a reasonable inference of "state action" in connection with any of these Defendants as to the allegedly illegal acts asserted under these claims. *See Blum v. Yaretsky*, 457 U.S. 991, 1004–06 (1982) (a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action"); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974) ("state action" exists when "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself"). Accordingly, the Court dismisses Counts Ten, Eleven, Twelve, and Nineteen against the Business Associate Defendants, Option One Mortgage, Argent Mortgage, and the Municipal Association of South Carolina.[3] As a result, there is no basis on which the Court can exercise its supplemental jurisdiction to consider Plaintiff's closely related state-law-based conspiracy claim against these Defendants. The conspiracy claim, Count Fourteen, is therefore dismissed as to these Defendants. (Dkt. No. 1 at 100–101.)

Finally, the Court finds that the Magistrate Judge properly dismissed Plaintiff's claims pursuant to 42 U.S.C. §§ 1985 and 1986 against all Defendants. The Complaint fails to support a reasonable inference that any of the actions of which Plaintiff complains were taken as a result of racial animus or to discriminate against Plaintiff because of her membership in a class based on race, color, religion, or national origin. Accordingly, Plaintiff fails to state a claim under § 1985,

---

[3] Count Ten alleges violation of the First Amendment, Count Eleven alleges violation of the Fourth Amendment, Count Twelve alleges deprivation of property, and Count Nineteen alleges abuse of process and malicious prosecution.

and therefore, her claim under § 1986 also fails as a matter of law. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (finding that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a cause of action under 42 U.S.C. § 1985); *Boyer v. Finley*, No. 2:07-cv-1868, 2007 WL 2477310, at *5 (D.S.C. Aug. 28, 2007) ("Section 1986 is derivative of § 1985."). The Court therefore dismisses Counts Fifteen, Sixteen, Seventeen, and Eighteen as to all Defendants.[4]

## IV. CONCLUSION

For the reasons set forth above, the Court agrees with and **ADOPTS** the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 25.) Accordingly, the Court summarily dismisses without prejudice the Complaint in its entirety as to Defendants State Ethics Commission, Tracy Edge, the Municipal Association of South Carolina, and the Business Associate Defendants (Defendants Stanley Montgomery; JoAnn Cheek; James Penniegraft; Oasis Mortgage; Mark Randolph; Armina Swittenberg; Jennifer Dalton Watson; Carolina Health Care Services; East Coast Protective Services; Southeast Protection Services; Southeast Airport Services; Thomas Behan; the Montgomery Davis Group; the Montgomery Davis Group Properties; Rhonda Montgomery Davis; Oasis Mortgage; Southeastern Title Agency, LLC; Stewart Title Guaranty Company; RBC Centura Bank; Investors Title Insurance Company; Duane Bryant, Esq.; J. Rufus Farrior, Esq.; Litton Loan Servicing; Washington Mutual Bank; Chase Bank; Commonwealth Land Title Insurance Company; Attorney's Title Company; and/or East Coast Hospitality).

Counts One through Eight, Fifteen through Eighteen, and Twenty are summarily dismissed without prejudice as to Defendants Gerald Montgomery, Option One Mortgage,

---

[4] Counts Fifteen, Sixteen, and Seventeen allege violations of § 1985, and Count Eighteen alleges a violation of § 1986.

7

Argent Mortgage, Vernessa Pertell, Town of Atlantic Beach, Jake Evans, Josephine Isom, Charlene Taylor, Joe Montgomery, William Booker, Charles Williams, Herbert Hayden, Jim Bagnall, and Christopher Clagg.

Therefore, Plaintiff's only remaining claims are for unfair debt collection, Count Nine, as to Defendants Option One Mortgage and Argent Mortgage only, and the violation of civil rights, Counts Ten, Eleven, Twelve, Fourteen, and Nineteen, as to Defendants Gerald Montgomery, Vernessa Pertell, Town of Atlantic Beach, Jake Evans, Josephine Isom, Charlene Taylor, Joe Montgomery, William Booker, Charles Williams, Herbert Hayden, Jim Bagnall, and Christopher Clagg only. The Court directs Plaintiff to submit an amended Complaint including only factual allegations supporting the facially plausible claims against the remaining Defendants. Plaintiff has fourteen (14) days from the issuance of this order to file her amended Complaint. If she fails to do so, the Court will dismiss this action.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 12, 2015
Charleston, South Carolina

8