IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carolyn Cole, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:14-cv-4462-RMG |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Gerald V. Montgomery; Carolina Health | ) | |
| Care Services; East Coast Protective | ) | |
| Services; Southeast Protection Services; | ) | |
| Southeast Airport Services; Thomas Behan; | ) | |
| The Montgomery-Davis Group; The | ) | |
| Montgomery-Davis Group Properties; | ) | |
| Rhonda Montgomery Davis; Stanley | ) | |
| Montgomery; Oasis Mortgage; James | ) | |
| Penniegraft; JoAnn Penniegraft Cheek; | ) | |
| Mark Randolph, Esq.; Jennifer Dalton | ) | |
| Watson; Option One Mortgage; | ) | |
| Southeastern Title Agency, LLC; Stewart | ) | |
| Title Guaranty Company; RBC Centura | ) | |
| Bank; Investors Title Insurance Company; | ) | |
| Duane Bryant, Esq.; J. Rufus Farrior, Esq.; | ) | |
| Litton Loan Servicing; Washington Mutual | ) | |
| Bank; Chase Bank; Armina Swittenberg, | ) | |
| a/k/a Swittenberg and Associates; Argent | ) | |
| Mortgage; Commonwealth Land Title | ) | |
| Insurance Company; Attorney's Title | ) | |
| Company, Div. of United General Tire; | ) | |
| East Coast Hospitatlity Staffing; Vernessa | ) | |
| Pertell; Town of Atlantic Beach; Jake | ) | |
| Evans; Josephine Isom; Charlene Taylor; | ) | |
| Joe Montgomery; William Booker; | ) | |
| Christopher Clagg; Charles Williams; | ) | |
| Tracy Edge; Municipal Association of | ) | |
| South Carolina; State Ehtics Commission | ) | |
| of South Carolina; Herbert Hayden; Jim | ) | |
| Bagnall, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the

Magistrate Judge recommending partial summary dismissal of Plaintiff's complaint. (Dkt. No.

25). For the reasons set forth below, the Court adopts the R & R as the order of the court, with slight modifications.

## I. Background

Plaintiff filed this civil action pro se, alleging a number of federal law and state law claims against 44 Defendants in a 107-page complaint. (Dkt. No. 1). This case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Upon initial review, the Magistrate Judge issued an R & R recommending partial summary dismissal of this action. (Dkt. No. 25). No party filed a timely objection to the R & R, and on May 12, 2015, this Court issued an order adopting the R & R. (Dkt. No. 30).

On May 15, 2015, Plaintiff filed for an extension of time to reply to the R & R, stating that she had been travelling and had not received it. (Dkt. No. 35). On June 2, 2015, this Court granted Plaintiff's motion for extension. (Dkt. No. 39). Plaintiff timely filed her objections to the R & R on June 15, 2015. (Dkt. No. 43).

## II. Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

## III. Discussion

As a preliminary matter, the Court finds that the Magistrate Judge properly dismissed Defendants State Ethics Commission and Tracy Edge from this action. Because the Ethics Commission is a state agency of South Carolina, all claims against it are barred by the Eleventh Amendment. Bellamy v. Borders, 727 F. Supp. 247, 250 (D.S.C.1989) (noting that the Eleventh Amendment renders state agencies "immune from suit in federal court unless the state has consented to be sued" (citing Alabama v. Pugh, 438 U.S. 781, 782 (1978))). In addition, given that Edge is not mentioned in the substantive allegations of the Complaint, Plaintiff has failed to state any plausible claims against him. See Newkirk v. Cir. Ct. of City of Hampton, 2014 WL 4072212, at *2 (E.D.Va. Aug.14, 2014) (complaint subject to summary dismissal when no factual allegations against named defendants within the body of the pleading). Plaintiff does not object to the dismissal of these defendants. (Dkt. No. 43 at 8).

The Court next finds that the Magistrate Judge properly dismissed all claims against Plaintiff's ex-husband, Defendant Gerald Montgomery, that are based on business transactions between him and other Defendants affecting the property that was jointly owned during the marriage or in which Plaintiff claims a marital interest. Plaintiff and Montgomery have divorced and are currently embroiled in Florida state court litigation regarding the proper equitable division of the parties' property. (Dkt. Nos. 21-1, 21-2). Because divorces involve "important state interests," this Court defers to the ongoing state court action, and dismiss those claims alleging matters that are intertwined with the division of the parties' marital-property. See Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir.1994) (the United States Supreme Court finds abstention appropriate when "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings" (citing Middlesex County

3

Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982))); Harper v. Pub. Serv. Comm'n of West Va., 396 F.3d 348, 353–54 (4th Cir .2005) (certain areas of civil law including, inter alia, "family law," constitute "important state interests" warranting abstention); Kelm v. Hyatt, 44 F.3d 415, 419–420 (6th Cir. 1995) (marital property and domestic violence issues are "important state interests"). The Court can discern no reason why Plaintiff cannot raise in the Florida action those claims relating to Montgomery's allegedly fraudulent actions involving the parties' marital property. Accordingly, the Court dismisses Counts One through Seven of the Complaint against Montgomery.

The Court next finds that the Magistrate Judge properly dismissed Plaintiff's federal claim of identity theft and the related state law claims against all Defendants. Plaintiff labeled her first count "violation of false identification crime control act of 1982" and cited 18 U.S.C. §§ 1028 and 1738 in support. (Dkt. No. 1 at 90). These statutes, however, do not provide a private right to a civil action in this court. See Pub. L. 106–578, § 4, 114 Stat. 3076 (repealed 18 U.S.C. § 1738 on December 28, 2000); Rahmani v. Resorts Int'l Hotel Inc., 20 F. Supp. 2d 932, 937 (E.D. Va. 1998), aff'd, 182 F.3d 909 (4th Cir. 1999) (§ 1028 does not "provide for any private cause of action"). Accordingly, because Plaintiff cannot allege a plausible claim pursuant to these statutes against any Defendant, the Court dismisses Count One of her Complaint. As a result, there is no basis on which the Court can exercise its supplemental jurisdiction to consider Plaintiff's closely related state-law-based claims of fraud, breach of contract, defamation of credit, slander of title, trespass to try title, or unfair trade practices.[1] Counts Two through Seven are therefore dismissed as well.

---

[1] Plaintiff, a South Carolina resident, asserts claims against several other South Carolina residents in the Complaint, thereby depriving this Court of diversity jurisdiction. (Dkt. No. 1).

The Court agrees with the Magistrate Judge that no private right of civil action exists under 15 U.S.C. 45 § 5. Therefore Count Eight of the Complaint, alleging "violation of Federal Trade Commission Act" under 45 § 5, should be dismissed. See Summey v. Ford Motor Credit Co., 449 F. Supp. 132, 135 (D.S.C.1976), aff'd, 573 F.2d 1306 (4th Cir. 1978) ("It is well-settled that there is no private, federal claim for which this court can grant relief for violations of the Federal Trade Commission Act.").

The Court next turns to Plaintiff's allegations of unfair debt collection practices, which is Count Nine in the Complaint. The Magistrate Judge correctly noted that the liberal pro se pleading standard requires the Court to construe Plaintiff's incorrect citation to 15 U.S.C. § 45 as a reference to the Fair Debt Collection Practices Act, which is located at 15 U.S.C. §§ 1692 et seq. Although the Fair Debt Collection Practices Act creates a private right of civil action, Plaintiff has failed to satisfy even the lowered threshold of pro se pleading requirements. Plaintiffs' Complaint alleges that Argent Mortgage and Option One are "debt collectors" that are "collecting debts for others," and conclusorily states that that they engaged in "abusive, false, misleading and unfair" communications. (Dkt. No. 1-1 at 96). However, the voluminous Complaint omits facts detailing such communications. Accordingly, Count Nine of the Complaint should be dismissed.

In Count Twelve, Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for deprivation of property. More specifically, Plaintiff seeks damages from Defendants who allegedly "destroy[ed] the value of Plaintiff's mortgages [and] leaseholds." Because the determination of damages for this claim is necessarily intertwined with the Florida divorce action and the equitable distribution of property, this Court defers to the ongoing Florida action for reasons previously explained. Therefore, the court dismisses Count Twelve.

Turning to Count Thirteen, Plaintiff alleges that "Defendants did pass laws aimed directly at Plaintiff and allowed their employee Defendant Booker to enforce the newly passed law and to direct police officers to misapply state laws and town ordinances to prevent the Plaintiff from accessing her property with contractors to renovate the property." (Dkt. No 1-1 at 99).   She contends that this conduct constitutes an unconstitutional bill of attainder, and seeks relief pursuant to 42 U.S.C. § 1983.  A bill of attainder must (1) specify the affected persons, (2) be punitive, and (3) fail to provide for the protections of a judicial trial.  See Selective Serv. Sys. v. Minnesota Pub. Interest Research Grp., 468 U.S. 841, 846-47 (1984).  Even if all of Plaintiff's allegations are true, the complained-of conduct fails to satisfy the first two elements, at a minimum.  See A Helping Hand, LLC. v. Baltimore Cnty., Maryland, 299 F. Supp. 2d 501, 503–04 (D. Md. 2004) (collecting cases where ordinances and resolutions affecting only one business were deemed not to be bills of attainder and noting that the punishment typically associated with bills of attainder are "imprisonment, banishment, confiscation, and death.").  Accordingly, Count Thirteen should be dismissed.

In Count Fourteen, Plaintiff alleges a state law conspiracy claim, ostensibly against all Defendants.  (See Dkt. No. 1-1 at 100–101).  Under South Carolina law, a plaintiff pursuing a conspiracy claim must plead special damages.  "If a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed."  Hackworth v. Greywood at Hammett, LLC, 682 S.E.2d 871, 875 (S.C. Ct. App. 2009).  In addition, a plaintiff must "show that the acts in furtherance of the conspiracy were separate and independent from other wrongful acts alleged in the complaint."  AJG Holdings LLC v. Dunn, 708 S.E.2d 218, 222–23 (S.C. Ct. App. 2011) aff'd, 764 S.E.2d 912 (S.C. 2014).  Here, Plaintiff merely alleges "special damages" without

6

specifying what those damages consist of. (See Dkt. No. 1-1 at 101). Furthermore, Plaintiff fails to articulate any acts that are separate from the other acts alleged in the Complaint's 19 other counts. Accordingly, Count Fourteen should be dismissed.

The Court next finds that the Magistrate Judge properly dismissed Plaintiff's claims pursuant to 42 U.S.C. §§ 1985 and 1986 against all Defendants. The Complaint fails to support a reasonable inference that any of the actions of which Plaintiff complains were taken as a result of racial animus or to discriminate against Plaintiff because of her membership in a class based on race, color, religion, or national origin. Accordingly, Plaintiff fails to state a claim under § 1985, and therefore, her claim under § 1986 also fails as a matter of law. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (finding that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a cause of action under 42 U.S.C. § 1985); Boyer v. Finley, No. 2:07–cv–1868, 2007 WL 2477310, at *5 (D.S.C. Aug.28, 2007) ("Section 1986 is derivative of § 1985."). The Court therefore dismisses Counts Fifteen, Sixteen, Seventeen, and Eighteen as to all Defendants.

The Court next finds that the Magistrate Judge properly dismissed Plaintiff's claim for "equitable relief" against all Defendants based on allegedly fraudulent deals among Montgomery and the other Defendants that adversely affected Plaintiff's property interests. Again, Plaintiff's allegations relating to this claim do not satisfy Federal Rule of Civil Procedure 8—she references "the contract, note and mortgage," but her lengthy Complaint discusses many contracts, notes, and mortgages, and the Court cannot discern to which Plaintiff's claim refers. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"); (Dkt. No. 1-1 at 104). Further, for reasons previously explained, this Court defers to the ongoing

7

Florida state court action on certain subject matters. Therefore, because this claim alleges matters that are intertwined with the division of the parties' marital property, the Court dismisses Count Twenty.

Finally, the Court next finds that the Magistrate Judge properly dismissed Plaintiff's 42 U.S.C. § 1983 claims against certain Defendants. Defendants Stanley Montgomery; JoAnn Cheek; James Penniegraft; Oasis Mortgage; Mark Randolph; Armina Swittenberg; Jennifer Dalton Watson; Carolina Health Care Services; East Coast Protective Services; Southeast Protection Services; Southeast Airport Services; Thomas Behan; the Montgomery Davis Group; the Montgomery Davis Group Properties; Rhonda Montgomery Davis; Oasis Mortgage; Southeastern Title Agency, LLC; Stewart Title Guaranty Company; RBC Centura Bank; Investors Title Insurance Company; Duane Bryant, Esq.; J. Rufus Farrior, Esq.; Litton Loan Servicing; Washington Mutual Bank; Chase Bank; Commonwealth Land Title Insurance Company; Attorney's Title Company; and/or East Coast Hospitality (hereinafter collectively referred to as "the Business Associate Defendants"); Option One Mortgage; Argent Mortgage; and the Municipal Association of South Carolina,[2] a non-profit corporation, are private citizens, not state actors. Further, Plaintiff's allegations fail to establish a reasonable inference of "state action" in connection with any of these Defendants as to the allegedly illegal acts asserted under these claims. See Blum v. Yaretsky, 457 U.S. 991, 1004–06 (1982) (a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action"); Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974) ("state action" exists when "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself"). Accordingly, the Court dismisses Counts Ten, Eleven, and Nineteen against the

---

[2] Plaintiff does not object to the dismissal of this Defendant. (Dkt. No. 43 at 8).

Business Associate Defendants, Option One Mortgage, Argent Mortgage, and the Municipal Association of South Carolina

### IV. Conclusion

For the reasons set forth above, the Court modifies the R & R of the Magistrate Judge and adopts it as the order of this court. Accordingly, the Court summarily dismisses without prejudice the Complaint in its entirety as to Defendants State Ethics Commission, Tracy Edge, the Municipal Association of South Carolina, and the Business Associate Defendants (Stanley Montgomery; JoAnn Cheek; James Penniegraft; Oasis Mortgage; Mark Randolph; Armina Swittenberg; Jennifer Dalton Watson; Carolina Health Care Services; East Coast Protective Services; Southeast Protection Services; Southeast Airport Services; Thomas Behan; the Montgomery Davis Group; the Montgomery Davis Group Properties; Rhonda Montgomery Davis; Oasis Mortgage; Southeastern Title Agency, LLC; Stewart Title Guaranty Company; RBC Centura Bank; Investors Title Insurance Company; Duane Bryant, Esq.; J. Rufus Farrior, Esq.; Litton Loan Servicing; Washington Mutual Bank; Chase Bank; Commonwealth Land Title Insurance Company; Attorney's Title Company; and/or East Coast Hospitality).

Counts One through Nine, Twelve through Eighteen, and Twenty are summarily dismissed without prejudice as to Defendants Gerald Montgomery, Option One Mortgage, Argent Mortgage, Vernessa Pertell, Town of Atlantic Beach, Jake Evans, Josephine Isom, Charlene Taylor, Joe Montgomery, William Booker, Charles Williams, Herbert Hayden, Jim Bagnall, and Christopher Clagg.

Therefore, Plaintiff's only remaining claims are Counts Ten, Eleven, and Nineteen, as to Defendants Gerald Montgomery, Vernessa Pertell, Town of Atlantic Beach, Jake Evans, Josephine Isom, Charlene Taylor, Joe Montgomery, William Booker, Charles Williams, Herbert

Hayden, Jim Bagnall, and Christopher Clagg only. The Court directs Plaintiff to submit an amended Complaint including only factual allegations supporting the facially plausible claims—that is, Counts Ten, Eleven, and Nineteen—against the remaining Defendants. Plaintiff has fourteen (14) days from the issuance of this order to file her amended Complaint. If she fails to do so, the Court will dismiss this action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 13, 2015
Charleston, South Carolina